# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| Integrity Sales & Service, Inc., <br><br> Plaintiff, <br><br> v. <br><br> Robert F. Crabbe, <br><br> Defendant. <br><br>——————————————— <br><br> Robert F. Crabbe, <br><br> Counter Claimant, <br><br> v. <br><br> Integrity Sales & Service, Inc., <br><br> Counter Defendant. | Civil Action No. 1:14-CV-367-JVB |

**OPINION AND ORDER**

This case arises from a vehicle sale where Defendant, Robert F. Crabbe, used a personal check for the purchase price of the vehicle. This check was dishonored by the Defendant's bank and returned to the Plaintiff as unpaid due to insufficient funds. Plaintiff, who has an open bankruptcy case in Northern District of Indiana, now seeks to recover from Defendant under the Indiana Check Deception statute. Following Plaintiff's Motion for Summary Judgment, the Bankruptcy Court submitted Proposed Findings of Fact and Conclusions of Law to this Court as this issue is not a core proceeding and falls outside of the "related to" jurisdiction granted in 28

U.S.C. § 157(c).[1] The Court, having reviewed these findings and conclusions *de novo*, agrees with the Bankruptcy Court. Accordingly, for the reasons outlined below, Defendant's counterclaim is dismissed with prejudice and Defendant is ordered to pay Plaintiff $50,161.

**A. Summary Judgment Standard**

A motion for summary judgment must be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). Rule 56(c) further requires the entry of summary judgment, after adequate time for discovery, against a party "who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

A party seeking summary judgment bears the initial responsibility of informing a court of the basis for its motion and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex*, 477 U.S. at 323. If the moving party supports its motion for summary judgment with affidavits or other materials, it thereby shifts to the non-moving party the burden of showing that an issue of material fact exists. *Keri v. Bd. of Trust. of Purdue Univ.*, 458 F.3d 620, 628 (7th Cir. 2006).

---

[1] 28 U.S.C. § 157(c)(1) provides that "[a] bankruptcy judge may hear a proceeding that is not a core proceeding but that is otherwise related to a case under title 11. In such proceeding, the bankruptcy judge shall submit proposed findings of fact and conclusions of law to the district court, and any final order or judgment shall be entered by the district judge after considering the bankruptcy judge's proposed findings and conclusions and after reviewing de novo those matters to which any party has timely and specifically objected."

Rule 56(e) specifies that once a properly supported motion for summary judgment is made, "the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts to establish that there is a genuine issue for trial." Fed. R. Civ. P. 56(e).

In viewing the facts presented on a motion for summary judgment, a court must construe all facts in a light most favorable to the non-moving party and draw all legitimate inferences and resolve all doubts in favor of that party. *Keri*, 458 F.3d at 628. A court's role is not to evaluate the weight of the evidence, to judge the credibility of witnesses, or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable fact. *Anderson v. Liberty Lobby*, 477 U.S. 242, 249–50 (1986).

Of significance to this case, Local Rule B-7056-1(a) for the Northern District of Indiana requires that the non-moving party file "within thirty (30) days of the date the motion is served upon it . . . a "Statement of Genuine Issues" setting forth all material facts as to which it is contended there exists a genuine issue, supported [by] . . . other admissible evidence, together with any affidavits or other documentary material controverting the movant's position." Bankr. N.D. Ind. R. 7056-1(a); *see also* N.D. Ind. R. 56-1 (outlining that a party opposing a motion for summary judgment must file a response brief and "any materials that the party contends raise a genuine dispute."). The court will assume that the facts as claimed and supported by admissible evidence by the moving party are admitted to exist without controversy, except as disputed by the non-moving party. Bankr. N.D. Ind. R. 7056-1(a). If a non-movant fails to dispute the movant's version of events, the movant's statement of material facts is adopted as true, so long as it is supported by admissible evidence. *Westbrook v. BSA*, 560 Fed. Appx. 574, 575 (7th Cir. 2014). Nevertheless, summary judgment is not granted as a matter of course when the opposing

party fails to offer opposing affidavits or evidence. *White v. Indiana Realty Assoc. II*, 555 N.E.2d 454, 457 (Ind. 1990).

**B. Background**

Before filing for bankruptcy under Chapter 11 of the Bankruptcy Code, Plaintiff agreed to sell a 1998 GMC C7500 to Defendant for $25,250. (DE 2, R. at 7.) Defendant entered into this agreement on behalf of his business, Keystone Stump & Tree, which is based on Levittown, Pennsylvania. (*Id.*) On October 10, 2013, Defendant issued a check in the full amount of the purchase price to Plaintiff. (*Id.* at 8.) When Plaintiff attempted to cash the check at Defendant's bank, the check was dishonored and returned to Plaintiff due to insufficient funds in Defendant's account. (*Id.*) On January 16, 2014, Plaintiff mailed a written notice to Defendant alerting him to this issue and requesting payment of the previously agreed to purchase price. (*Id.*)

On February 11, 2014, Plaintiff filed a Complaint against Defendant seeking full payment of the purchase price, treble damages, and attorneys' fees, pursuant to the Indiana Check Deception statute, Ind. Code § 35-43-5-5. (*Id.*) Defendant answered Plaintiff's Complaint and admitted the check was dishonored by his bank, but refused to pay Plaintiff the agreed upon purchase price. (*Id.*) With his Answer, Plaintiff filed a counterclaim against the Plaintiff seeking to rescind the sale and recover damages. (DE 2, R. at 2.) On June 24, 2014, Plaintiff filed a motion for summary judgment on its claim against Defendant, which the Defendant has never responded to. After reviewing the motion, the Bankruptcy Court issued proposed findings of fact and conclusions of law that determined Defendant's actions constituted check deception under Indiana law. (DE 2, R. at 37.)

4

Failing to respond to Plaintiff's Motion for Summary Judgment was just the beginning of Defendant's disregard for the Bankruptcy Court and this case. The Bankruptcy Court scheduled a pre-trial conference for September 8, 2014, which Defendant did not attend. (DE 2, R. at 27, 34.) After Defendant's failure to appear for the pre-trial conference, the Bankruptcy Court scheduled a hearing for October 20, 2014, to receive evidence on the issue of Plaintiff's damages and to consider whether Defendant's counterclaim should be dismissed. (DE 2, R. at 34.) The Bankruptcy Court also ordered the Defendant to "show cause, in writing, why an order [dismissing his counterclaim] should not be entered." (DE 2, R. at 38.) Defendant did not attend the show cause hearing or submit any written materials justifying his absence and apparent disregard for the Bankruptcy Court's orders. (*Id.*) As a result the Bankruptcy Court contends that "[n]othing short of a dismissal with prejudice can effectively respond to such unexplained misconduct." (*Id.*)

**C. Check Deception – Indiana Code § 35-43-5-5**

Indiana's Check Deception statute, Ind. Code § 35-43-5-5, criminalizes the knowing or intentional delivery of a check to acquire property that a party knows will not be honored by a credit institution. The statute also states that the fact that a party delivered a check that the credit institution refuses to honor is "prima facie evidence that the person knew the check . . . would not be honored." Ind. Code § 35-43-5-5(c). The statute also provides that the name, residence, business, or mailing address on the check provide prima facie evidence as to the identity of the maker of the check. Indiana Code § 34-24-3-1 creates a civil action arising from this criminal behavior, *Lambert v. Yellowbird, Inc*., 496 N.E.2d 406, 408 (Ind. Ct. App. 1986), but a criminal

5

conviction is not a condition precedent to recovery. *Excel Industries, Inc. v. Signal Capital Corp.*, 574 N.E.2d 946 (Ind. Ct. App. 1991).

Indiana Code § 34-24-3-1, which describes damages recoverable in a multitude of civil actions, governs recovery under the Indiana Check Deception statute. The damages statute allows for the recovery of an amount "not to exceed three (3) times: (A) the actual damages of the person suffering the loss . . . (2) The costs of the action; [and] (3) a reasonable attorney's fee." Ind. Code § 34-24-3-1(1)–(3). The statute also allows a plaintiff to recover "(4) [a]ctual travel expenses that are not otherwise reimbursed . . . (5) a reasonable amount to compensate the person suffering loss for time, (6) actual direct and indirect expenses incurred by the person suffering loss to compensate employees . . . [and] (7) all other reasonable costs of collection." Ind. Code § 34-24-3-1(4)–(7).

The decision to award damages in excess of actual damages is left to the discretion of the trial court and there is no absolute entitlement to an award of treble damages. *See Schrenger v. Caesars Ind.*, 825 N.E.2d 879, 884 (Ind. Ct. App. 2005), *see also White v. Indiana Realty Assoc. II*, 555 N.E.2d 454, 456 n.1 (Ind. 1990) (noting that because the General Assembly amended the statute to read "not to exceed" where it previously read "equal to," the statute seemed to grant discretion to trial courts in determining damages). While Indiana case law on what guides the Court in exercising this discretion is sparse, some cases focus on the defendant's intent to commit the alleged wrongful conduct and the defendant's conduct during the litigation. *See, e.g., White,* 555 N.E.2d at 458 (finding, in a treble damages context that "[w]hile we normally regard a finding of criminal intent as the sort of determination requiring intervention by a fact-finder, the extremely aggravated action by [Defendant] and her approach to the litigation persuade us that summary judgment [and treble damages are] appropriate.").

**D. Analysis**

The Court must address three matters raised in the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law: (1) whether dismissal with prejudice of Defendant's counterclaim is appropriate; (2) whether Defendant violated the Indiana Check Deception statute; and, if so, (3) the amount, if any, of treble damages Plaintiff should be awarded.

Defendant's complete disregard for the Bankruptcy Court makes dismissal with prejudice of his counterclaim appropriate. As the Bankruptcy Court notes, Rule 16(f) is applicable in bankruptcy proceedings. *See* Fed. R. Bankr. P. Rule 7016 (applying Rule 16(f), which governs the latitude a court has in responding to a party's unexcused absence from court or disregard of a court's order, to adversary proceedings before a bankruptcy court). Moreover, while dismissal with prejudice is a severe sanction, it may be employed "in extreme situations, when there is a clear record of delay or contumacious conduct, or when other less drastic sanctions have proven unavailing." *Pyramid Energy, Ltd. v. Heyl & Patterson, Inc.*, 869 F.2d 1058, 1061 (7th Cir. 1989) (finding dismissal with prejudice appropriate where counsel repeatedly failed to abide by the court's orders and failed to adequately prepare for trial). This case presents such a situation. Defendant has refused to correspond with the Bankruptcy Court or abide by the Bankruptcy Court's orders and local rules for over eight months. Defendant also ignored the lesser sanction of appearing at the show cause hearing. There is nothing in the procedural history or material facts of this case to dissuade the Court from dismissing Defendant's counterclaim with prejudice. Accordingly, Defendant's counterclaim to rescind the contract and recover damages is dismissed with prejudice.

Before addressing the issue of damages, the Court must determine whether Defendant violated the Indiana Check Deception statute. Based on the undisputed facts of the case, exhibits, and affidavits of Plaintiff's employees, it is apparent that the Defendant has violated Indiana Code § 35-43-5-5. First, Defendant gave Plaintiff a check for the purchase price of the vehicle that contained his name, address, and signature. (DE 2, R. at 19.) The check was stamped "NSF" by the bank. (*Id*.) Plaintiff provided notice to Defendant of this and requested an alternate form of payment, which has not been made. These undisputed facts satisfy all the elements for the crime of check deception under Indiana law, I.C. 35-43-5-5. As a result, there is no genuine issue of material fact and plaintiff may recover damages under I.C. 34-24-3-1. *See, e.g*., White, 555 N.E. 2d at 456–57 (outlining that a criminal conviction is not a condition precedent to recovery under this statute); *Gilliana v. Paniaguas*, 708 N.E. 2d 895, 899 (Ind. App. 1999) (describing that to recover under Indiana Code § 34-24-3-1 the plaintiff must prove, by a preponderance of the evidence, that the defendant committed a criminal act outlined in Indiana Code § 35-43.).

While the Court agrees that a certain amount of treble damages are appropriate in this instance, a simple multiplication by three of the actual damages is inappropriate. The Court finds treble damages in the amount of $20,000 to be appropriate based on three factors. First, Defendant's conduct is a felony under Indiana state law that would be unpunished if not addressed here. Next, Defendant's conduct, both in the events preceding litigation and during the course of the case, demonstrate a knowing disregard for both the law and the authority of the court system. Defendant's knowledge of the proceedings, followed by his complete disregard for the Bankruptcy Court, demonstrate the intent to evade the consequences of his actions and a belief that ignoring the Bankruptcy Court insulates him from a judgment. Finally, treble damages are appropriate to discourage Defendant from engaging in similar conduct in the future. Lastly,

8

the award of reasonable attorney fees and expenses under Ind. Code § 34-24-3-1 is mandatory and Plaintiff's attorneys' fees in the amount of $4,911 were reasonably incurred.

**E. Conclusion**

In line with this Court's findings, the Bankruptcy Court's Proposed Findings of Fact and Conclusions of Law (DE 1) are incorporated into this decision. Accordingly, the Court dismisses, with prejudice, Defendant's counterclaim and awards Plaintiff actual damages of $25,250, treble damages of $20,000, and attorneys' fees and costs in the amount of $4.911, for a total damage award of $50,161.

SO ORDERED on February 12, 2015.

s/ Joseph S. Van Bokkelen  
JOSEPH S. VAN BOKKELEN  
UNITED STATES DISTRICT JUDGE